1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                    )
DAVID FORD,                         )          No. C15-0432RSL
                                    )
                    Plaintiff,      )
                                    )
        v.                          )
                                    )
ANTHONY L. RAY, p/k/a SIR MIX-A-LOT,)          ORDER GRANTING DEFENDANT'S
                                    )          MOTION TO DISMISS
                    Defendant.      )
_____)

This matter comes before the Court on defendant's "Motion to Dismiss." Dkt. # 10.

Plaintiff filed this action on May 29, 2015, alleging that he is the co-author of certain joint works

produced with defendant and requesting an accounting related to those works. Defendant seeks

dismissal of all claims against him. Having reviewed the memoranda, declarations, and exhibits

submitted by the parties and having heard the arguments of counsel, the Court finds as follows:

**BACKGROUND**

Plaintiff alleges that he collaborated with defendant on a number of songs and that he is

entitled to a declaration of co-authorship. Plaintiff and defendant began collaborating to create

hip-hop music in the late 1980s. Complaint (Dkt. #1) at ¶ 15. In the early 1990s, defendant

began work on the album "Mack Daddy." Id. at ¶ 18. Plaintiff independently created a handful

of drum tracks (called "beats") that he thought would make a good foundation for hip hop songs.

Id. Defendant chose one of the beats created and supplied by plaintiff to be the beat for the song

"Baby Got Back," a Grammy-award winning and much-acclaimed song. Id. at ¶ 19. In addition

to composing the beat, plaintiff also provided "scratching" for the chorus of the song and a solo.

ORDER GRANTING MOTION TO DISMISS

1    Id.

2          After the success of "Mack Daddy," plaintiff continued collaborating with defendant,

3    performing with him and contributing his work to songs on other albums. Id. at ¶¶ 20-21.

4    Plaintiff maintained the status of an independent contractor throughout: no formal agreement

5    existed between the parties. Id. at ¶ 23. Plaintiff alleges that he contributed in unspecified ways

6    to fifteen works in addition to "Baby Got Back" over the course of seven years. Id. at ¶¶ 22 and

7    24. Plaintiff was unaware that defendant filed copyright registrations for some or all of the works

8    that identified defendant as the sole author. Id. at ¶¶ 25-27. It was not until 2014, when Nicki

9    Minaj, another hip-hop artist, released a single that heavily samples "Baby Got Back,"[1] that

10   plaintiff wondered why his consent had not been sought and discovered that defendant had filed

11   copyright registrations that did not identify plaintiff as a joint author. Id. at ¶¶ 28-29.

12         Plaintiff alleges that his collaborations with defendant qualify as "joint works" pursuant

13   to 17 U.S.C. § 201(a) and that plaintiff is the co-author of the works per the Copyright Act, 17

14   U.S.C. § 101, et seq ("Copyright Act"). As such, Plaintiff seeks two remedies: (1) declaratory

15   judgment stating that he is the co-author and co-owner of the sixteen works and a correction to

16   the records of the U.S. Copyright Office; and (2) an accounting for revenues stemming from the

17   use of any jointly-owned work.

**DISCUSSION**

18

19   **A. Standard and Scope of Review**

20         The question for the Court on a motion to dismiss is whether the facts alleged in the

21   complaint sufficiently state a "plausible" ground for relief. Bell Atl. Corp. v. Twombly, 550 U.S.

22   544, 570 (2007). "All well-pleaded allegations of material fact in the complaint are accepted as

23   true and are construed in the light most favorable to the non-moving party." Manzarek v. St.

24   Paul Fire & Marine Ins. Co., 519 F.3d 1025, 1031 (9th Cir. 2008) (internal citation omitted).

25   _____

26         [1] Ms. Minaj's song, "Anaconda," was nominated for "Best Rap Song" at the 2015 Grammy
     Awards and the video won "Best Hip Hop Video" at the 2015 MTV Video Music Awards.

ORDER GRANTING MOTION TO DISMISS        -2-

1   "Dismissal is proper only where there is no cognizable legal theory or an absence of sufficient

2   facts alleged to support a cognizable legal theory." <u>Taylor v. Yee</u>, 780 F.3d 928, 935 (9th Cir.

3   2015) (internal citation omitted). Although, the Court's review is generally limited to the

4   contents of the complaint (<u>Campanelli v. Bockrath</u>, 100 F.3d 1476, 1479 (9th Cir. 1996)), it may

5   nevertheless consider documents referenced extensively in the complaint, matters of public

6   record, and documents whose contents are alleged in the complaint and whose authenticity is not

7   challenged. <u>Northstar Fin. Advisors Inc. v. Schwab Investments</u>, 779 F.3d 1036, 1042-43 (9th

8   Cir. 2015). The copyright registrations for "Baby Got Back" and "Boss is Back" fall into one or

9   more of these categories.

10       In addition, "[t]he Federal Rules provide for sua sponte conversion of a Rule 12(b)(6)

11  motion to dismiss to a Rule 56 motion for summary judgment 'if . . . matters outside the

12  pleadings are presented to and not excluded by the court.'" <u>In re Mortg. Elec. Reg. Syss., Inc.</u>,

13  754 F.3d 772, 781 (9th Cir. 2014) (quoting Fed. R. Civ. P. 12(d)). Plaintiff, attempting to bolster

14  his claim that he had no reason to suspect that defendant claimed sole authorship over the joint

15  works until 2014, provided matters outside the pleadings for the Court's consideration with his

16  response, to which defendant replied with his own declaration and exhibits. The Court finds that

17  the evidence submitted, namely the declarations of the parties, a letter written by defendant, and

18  copies of album labels and covers are appropriately considered for the purpose of evaluating the

19  timeliness of plaintiff's claims. Both parties had the opportunity to present matters outside the

20  pleading that are pertinent to the motion, the authenticity of the documents submitted is not

21  contested, and the Court confirmed at oral argument that the only other evidence plaintiff has on

22  this issue is a Billboard magazine photo showing plaintiff standing directly next to defendant. As

23  stated in the analysis below, Section B, the statute of limitations issue has been considered under

24  the summary judgment standard pursuant to Fed. R. Civ. P. 12(d) and Fed. R. Civ. P. 56.

25  Plaintiff can avoid summary judgment on statute of limitations grounds only by offering

26  evidence from which a reasonable jury could determine that the action was timely filed.

ORDER GRANTING MOTION TO DISMISS          -3-

1 | FreecycleSunnyvale v. Freecycle Network, 626 F.3d 509, 514 (9th Cir. 2010).

2 | **B. Statute of Limitations**

3 |     Defendant argues that plaintiff's claims are barred by the applicable statute of limitation.

4 | "The Copyright Act of 1976 provides that all civil actions must be brought 'within three years

5 | after the claim accrued.'" Seven Arts Filmed Entm't Ltd. v. Content Media Corp., 733 F.3d

6 | 1251, 1255 (9th Cir. 2013) (citing 17 U.S.C. §507(b)). "[C]laims of co-ownership ... accrue

7 | when plain and express repudiation of co-ownership is communicated to the claimant, and are

8 | barred three years from the time of repudiation." Zuill v. Shanahan, 80 F.3d 1366, 1369 (9th Cir.

9 | 1996). There is no comprehensive list of the types of statements or activities that constitute

10 | "plain and express repudiation of co-ownership." Some courts have found that excluding a

11 | putative author from the copyright registration for the work provides constructive notice that

12 | sole ownership is claimed and is sufficient to start the clock on the limitations period. Saenger

13 | Org., Inc. v. Nationwide Ins. Lic. Ass'n, 119 F.3d 55 (1st Cir. 1997). The registration, standing

14 | alone, seems a perilous trigger, however. An unscrupulous claimant could surreptitiously register

15 | a copyright, hoping that the real author would not discover the registration for three years,

16 | thereby nullifying a rightful claim to the creative work. See Brownstein v. Lindsay, 742 F.3d 55,

17 | 72 (3rd Cir. 2014). In addition, relying solely on a form of constructive notice under 17 U.S.C.

18 | § 205(c) materially dilutes Zuill's requirement that the repudiation be "communicated to the

19 | claimant." The Court finds that the copyright registrations of the sixteen works, standing alone,

20 | do not constitute plain and express repudiation of plaintiff's ownership interest in the joint works

21 | that would trigger the three year statute of limitations.

22 |     The registrations are simply one piece of information that was available to plaintiff,

23 | however.[2] Plaintiff acknowledges that he received a "platinum album" for "Mack Daddy"

24 | commemorating one million sales. The center labels of the album, the CD, and the single on the

25 |

26 |     [2] For purposes of this analysis, the Court considers the extra-pleading materials submitted by the parties and applies the summary judgment standard.

"platinum album" all state that the songs were "Programmed, Arranged, Mixed, Produced and Engineered by Sir Mix-A-Lot" unless specifically noted. Plaintiff was not mentioned at all. The outside of the CD cover for "Mack Daddy" states "All songs written by Sir Mix-A-Lot" with specified exceptions, none of which involves plaintiff. The inside cover states "All songs Programmed, Arranged, Mixed, Produced and Engineered by Sir Mix-A-Lot" with certain individuals being given credit for certain contributions to certain songs. Plaintiff is credited with scratching on the track "Lockjaw." The only credits mentioned with regards to "Baby Got Back" went to Michael Powers on guitars. Other individuals, but not plaintiff, are given credit as co-producers of the music for specific tracks.

Defendant publicly and repeatedly declared himself to be the sole creative force behind the tracks on "Mack Daddy" with limited, specified exceptions. Co-authorship was clearly denoted, and plaintiff was conspicuously excluded from that category. Plaintiff received these communications in the early 1990s, more than twenty years before he filed suit. If there were any ambiguity about what defendant meant when he claimed sole credit for programming, arranging, mixing, producing, and engineering "Baby Got Back" while acknowledging co-authors on other tracks (and the Court finds that there is none), plaintiff could have consulted the copyright registrations to confirm that defendant was indeed claiming sole authorship and repudiating any claim plaintiff might have. As was the situation in Aalmuhammed v. Lee, 202 F.3d 1227, 1230-31 (9th Cir. 2000), the work, when released to the public, did not acknowledge plaintiff as an author and credited him only with lesser contributions, namely scratching on a single track. The relevant labels and covers plainly and expressly repudiated plaintiff's current claim of authorship, he was aware of the repudiation in the early 1990s, an his claim accrued then. Plaintiff's claim of ownership to the tracks on "Mack Daddy" is therefore barred by the

1  three year statute of limitations.[3]

2      At oral argument, plaintiff's counsel suggested that the labels and CD cover are only

3  one part of the picture and that discovery might reveal countervailing statements and

4  manifestations of defendant's intent that allayed any fear plaintiff felt when his claim to

5  authorship was not acknowledged in the published materials. If there were such statements or

6  actions, plaintiff would presumably be aware of them, however, and he has not explained how

7  discovery would assist in this matter. His argument is that something convinced him that

8  defendant was willing to give him authorship credit despite the fact that the works themselves

9  pointedly excluded him from the list of authors/writers. Plaintiff cannot argue that he reasonably

10  relied on actions or statements, but that he doesn't know what they were. If defendant muddied

11  the waters in some way that misled plaintiff into believing defendant had not repudiated his

12  claim of authorship, he should at least be able to articulate how. When pressed, counsel could

13  identify only a group photo in Billboard magazine showing plaintiff standing next to defendant

14  in addition to the interviews, performances, and payments[4] mentioned in the Complaint. None of

15  these activities speak to authorship. Plaintiff's vaguely articulated request for discovery under

16  Rule 56(d) is therefore denied.

17  **C. Laches**

18      Whether the equitable doctrine of laches would also bar plaintiff's claim cannot be

19  decided on the pleadings. While it is likely that defendant would be able to show prejudice if

20  plaintiff were now, after years of sitting on the sidelines while defendant cultivated a fan base

21

22      [3] As discussed more fully in Section D, plaintiff's allegations regarding the fifteen tracks other
23  than "Baby Got Back" are sparse and are subject to dismissal for a failure to give rise to a plausible
   claim of authorship.

24      [4] Even if the Court were to assume that plaintiff could reasonably have believed that the
25  interviews, performances, and payments reflected his status as an author (as opposed to as a contributor
   or collaborator), they ceased in the mid-1990's. At the very latest, the statute of limitation would have
26  been triggered when these purported authorship benefits ceased.

ORDER GRANTING MOTION TO DISMISS       -6-

and negotiated licenses for the work, able to "pounce on the prize after it has been brought in by another's effort" (Zuill, 80 F.3d at 1371), that issue cannot be decided on the pleadings or on the record as supplemented.

**D. Joint Authorship**

A joint work for purposes of the Copyright Act is "a work prepared by two or more authors with the intention that their contributions be merged into inseparable or interdependent parts of a unitary whole." 17 U.S.C. § 101. The Ninth Circuit Court of Appeals has set forth several factors that are among the criteria to be weighed when determining a claim of co-authorship under § 101. The first factor is whether the claimed author "superintended" the work by exercising control. Aalmuhammed, 202 F.3d at 1234. The second factor is whether the parties made "objective manifestations of a shared intent to be coauthors." Id. Lastly, the Court considers whether "the audience appeal of the work turns on both contributions and the share of each in its success cannot be appraised." Id. (internal quotations omitted). "Control in many cases will be the most important factor." Id. Application of the Aalmuhammed factors to the facts alleged in the Complaint regarding the creation of "Baby Got Back" show that plaintiff is not a co-author of the work.

The first factor strongly favors defendant. Although plaintiff possessed initial control over his contribution to "Baby Got Back," the ultimate decision as to how or whether to incorporate plaintiff's creations was left to defendant. Plaintiff alleges that he programmed a number of drum tracks and recorded them on a 3.5 floppy diskette, which he then gave to defendant. Dkt. # 1 at ¶ 18. The choices regarding whether to use one of the beats, in whole or in part, and whether to make alterations to the track rested entirely with defendant. Plaintiff also acknowledges that it was defendant, in collaboration with the producer, who determined how much of plaintiff's scratching would appear in the final version of "Baby Got Back." Id. at ¶ 19. These allegations show that defendant alone had control over the finished product and do not raise a plausible inference that plaintiff had a role in creating or giving effect to the ideas

ORDER GRANTING MOTION TO DISMISS          -7-

presented in the work. <u>Aalmuhammed</u>, 202 F.3d at 1234. <u>See also</u> <u>Richlin v. Metro-Goldwyn-Mayer Pictures, Inc.</u>, 531 F.3d 962, 970 (9th Cir. 2008) (finding the ability to control incorporation of a story treatment into a motion picture favored the movie production company). Plaintiff alleges that his contribution "was used as the basis for the song 'Baby Got Back,'" but simply making a significant contribution to a work does not make one an author.

> So many people might qualify as an "author" if the question were limited to whether they made a substantial creative contribution that the test would not distinguish one from another. Everyone from the producer and director to casting director, costumer, hairstylist, and "best boy" gets listed in the movie credits because all of their creative contributions really do matter. . . . A creative contribution does not suffice to establish authorship . . . .

<u>Aalmuhammed</u>, 202 F.3d at 1233.[5] As alleged in the Complaint, it was defendant who possessed and exercised control over the final product.

Plaintiff has not alleged that the parties shared a mutual intent that they be co-authors, nor has he identified any objective manifestations of such an intent. Without a formal contract in place, an evaluation of intent "must of necessity focus on the facts." <u>Id</u>. at 1235. At most, plaintiff alleges a collaboration through which defendant obtained the benefit of plaintiff's creative offerings and incorporated them into his songs. Defendant promptly registered copyrights for the works, identifying himself as the sole author and negating any suggestion that he intended to share authorship credits with plaintiff. Plaintiff does not allege that he ever identified himself as the author of "Baby Got Back," that defendant ever acknowledged him as a co-author, or even that he had made a claim of authorship prior to the filing of the Complaint.

---

[5] Plaintiff's contention that the legislative history of the Copyright Act dictates that collaboration alone is sufficient to be considered an author is unpersuasive. <u>See</u> H.R. Rep. No. 94-1476, 94th Cong., 2d Sess. 120, <u>reprinted in</u> 1976 U.S. Code Cong. & Admin. News 5659, 5736. Such a test would establish too low a threshold for authorship and would thwart, rather than further, the purposes of the Act: "Progress would be retarded rather than promoted, if an author could not consult with others and adopt their useful suggestions without sacrificing sole ownership of the work." <u>Aalmuhammed</u>, 202 F.3d 1227 at 1235.

ORDER GRANTING MOTION TO DISMISS          -8-

See <u>Aalmuhammed</u>, 202 F.3d at 1235. Plaintiff has not alleged facts showing a mutual intent to be co-authors.

Plaintiff also fails to allege facts from which one could conclude that his contributions account for the appeal of "Baby Got Back." The Complaint says little more than that defendant used one of plaintiff's drum tracks "as the basis for the song" and incorporated plaintiff's scratching. How much of the music is plaintiff's creation and how much was edited, programmed, and altered by defendant is unstated. It is clear, however, that plaintiff had nothing to do with the lyrics and did not have control over the music once he gave defendant the floppy diskette. Plaintiff has not alleged facts tipping the third factor in his favor.

With regards to "Baby Got Back," the allegations of the complaint show that two of the three factors outlined in <u>Aalmuhammed</u> weigh heavily in favor of defendant, with the third factor being something of an unknown. The most important factor - which party possessed control over the final product - favors defendant. Plaintiff has failed to allege facts giving rise to a plausible inference that he authored "Baby Got Back." With regards to the other purported joint works, the extent and nature of plaintiff's contributions are largely unstated: plaintiff has failed to set forth a plausible claim for relief related to the other fifteen songs. Plaintiff's claim of authorship to the joint works will therefore be dismissed under Rule 12(b)(6).[6]

---

[6] The Court has focused on the allegations in plaintiff's Complaint, rather than the declarations and exhibits submitted with the memoranda, when determining whether his claim of authorship has been adequately pled. The evidence submitted by the parties and the representations of counsel at oral argument suggest that there are no additional facts that would support the claim. It thus appears that amendment would be futile. If, however, plaintiff believes he can amend the Complaint to remedy the identified deficiencies regarding the songs that do not appear on "Mack Daddy," he may file a motion for leave to amend the complaint, including a proposed pleading. Plaintiff may not, however, re-assert his claims of ownership regarding the songs on "Mack Daddy:" those claims are time-barred as discussed in Section B.

**E. Attorney's Fees**

The Copyright Act allows the Court to "award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. "Fees are proper under this statute when either successful prosecution or successful defense of the action furthers the purposes of the Copyright Act." Perfect 10, Inc. v. CCBill LLC, 488 F.3d 1102, 1120 (9th Cir. 2007). To make a determination, courts are advised to consider factors like "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 n.19 (1994) (internal quotations omitted).

The Court finds that an award of attorney's fees is warranted in this instance. Plaintiff's claim is frivolous or, at the very least, motivated by an unfair desire to cash in on the efforts of another. Whatever his contributions to the sixteen joint works, plaintiff remained silent for two decades, never asserting that he was an author until a lucrative license was obtained by defendant. The obvious timeliness problems were ignored and vague allegations of collaboration and contribution displaced any attempt to allege facts in support of the claim of authorship. An award of fees is appropriate to deter such unsupported and untimely claims and will therefore further the purposes of the Copyright Act.. Deterrence, rather than compensation, is the primary goal of this particular award.

## CONCLUSION

For all of the foregoing reasons, defendant's "Motion to Dismiss" (Dkt. #10) is GRANTED. All claims brought by plaintiff are hereby DISMISSED. Plaintiff may file a motion for leave to amend and defendant may file an affidavit regarding the reasonable fees incurred in defending this action on or before Monday, September 21, 2015, and shall note them for consideration on Friday, October 9, 2015.

ORDER GRANTING MOTION TO DISMISS          -10-

1   Dated this 11th day of September, 2015.

2

3                                    Robert S. Lasnik
                                     United States District Judge
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26